NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONAL ELEVATOR INDUSTRY
PENSION FUND, Lead Plaintiff,

Plaintiff-Appellant,

and

DAVID KIPLING; BRISTOL COUNTY
RETIREMENT SYSTEM,

Plaintiffs,

v.

FLEX LTD.; et al.,

Defendants-Appellees.

No.    21-15050

D.C. No. 5:18-cv-02706-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted December 8, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

National Elevator Industry Pension Fund (National Elevator) appeals the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

dismissal of its class action claims against Flex Ltd. (Flex). National Elevator alleges that Flex and its officers gave false and misleading information about its project with Nike and, thus, violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. *See* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5.

Federal securities fraud class actions must meet the "higher, exacting pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA)." *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014). Under Rule 9(b), a plaintiff must include "an account of the time, place, and specific content of the false representations" at issue. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (simplified). The "PSLRA imposes additional specific pleading requirements, including requiring plaintiffs to state with particularity both the facts constituting the alleged violation and the facts evidencing scienter." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012). We review the district court's dismissal de novo, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009), and affirm.

1. The district court properly held that four of National Elevator's confidential witnesses were insufficiently reliable. *See Zucco Partners*, 552 F.3d at 995 (plaintiffs must establish confidential witnesses' reliability and personal knowledge with sufficient particularity). The four confidential witnesses at issue had no routine

2

interaction with the Nike project nor any firsthand knowledge of facts contradicting Flex's executives' public statements. *See In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1137–39 (9th Cir. 2017) (confidential witnesses found reliable when they knew firsthand that the executives were "continuous[ly] reforecasting" and "aware of real time data that contradicted their public statements"). To be credited as reliable, a witness must be in a position to personally know the information alleged. *See Zucco*, 552 F.3d at 996. We thus agree that these four confidential witnesses do not meet *Zucco*'s test for reliability.

2. More importantly, the confidential witness statements that National Elevator relies on do not demonstrate that Flex's public statements were false. On the contrary, the confidential witness statements describe operational difficulties without directly contradicting Flex's statements about profitability or successes surrounding the Nike project. Without more, National Elevator's allegations about "serious operational problems" in a new business "do not meet the level of specificity required by the PSLRA and our caselaw interpreting it." *Ronconi v. Larkin*, 253 F.3d 423, 434 (9th Cir. 2001). Indeed, while the confidential witnesses reported instances of unexpected problems and delays, none of them made statements directly at odds with Flex's public projections on profitability. Moreover, Flex's public statements on profitability were tempered by disclosures of increased costs for the Nike project. Thus, the confidential witnesses' statements do not show

that Flex's projections were false. National Elevator also asserts that Flex's statements about operational and performance successes were false. As the district court noted, the confidential witnesses' reports of operational problems do not foreclose that Flex experienced some successes on the Nike project. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1071 (9th Cir. 2008) (holding that the PSLRA requires a "clearer explication of why a statement is false" rather than a vague allegation of a false "overarching impression"). Without pleading the falsity of a statement about operational successes or profitability with sufficient particularity, National Elevator's claims fail.[1]

3. The district court also properly held that statements related to Flex's profitability projections are forward-looking statements subject to the PSLRA's "safe harbor." Under the PSLRA's safe harbor provision, 15 U.S.C. § 78u-5(c)(1), statements are not actionable if (1) "they were identified as forward-looking statements and accompanied by meaningful cautionary language;" or (2) the plaintiff does not allege with particularity that the "projections were made with *actual* knowledge that they were materially false or misleading." *In re Cutera Sec. Litig.*,

---

[1] The district court also held that certain statements that National Elevator relied on were nonactionable statements of corporate optimism. We agree. "[G]eneralized, vague, and unspecific" corporate statements constitute "mere puffery," which no reasonable consumer could rely on. *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003) (simplified). The statements that the district court dismissed on this basis were merely optimistic, vague statements not actionable under federal securities law.

610 F.3d 1103, 1112 (9th Cir. 2010) (emphasis in original). "A forward-looking statement is any statement regarding (1) financial projections, (2) plans and objectives of management for future operations, (3) future economic performance, or (4) the assumptions underlying or related to any of these issues." *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 936 (9th Cir. 2003) (simplified). Flex's projections of profitability fall into the category of forward-looking statements. For example, statements that "[w]e cross into profits in the last quarter, next year, in Q4 of fiscal 2018," and "Flex has a clear line of sight and conviction around hitting profitability and sustaining profitability from that point forward" are nonactionable forward-looking statements. *See Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1195 (9th Cir. 2021) (holding that a statement that "we remain . . . on track to achieve a 5,000 unit week by the end of the year" is a nonactionable, forward-looking statement).[2]

**AFFIRMED.**

---

[2] Because we affirm the district court based on the unreliability of the confidential witnesses, the lack of falsity in Flex's statements, and the PSLRA's safe harbor, we do not reach whether National Elevator also failed to adequately plead scienter. *See In re Daou Sys., Inc.*, 411 F.3d 1006, 1014–15 (9th Cir. 2005) (holding that scienter is an element of § 10(b) claim).